# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY SYON,

    Petitioner,

vs.

BILL DONAT, et al.,

    Respondents.

Case No. 3:08-CV-00331-LRH-(VPC)

**ORDER**

    The Court directed (#7) Petitioner to show cause why this action should not be dismissed as untimely pursuant to 28 U.S.C. § 2244(d). Petitioner has submitted a Response (#11). The Court finds that Petitioner has not shown cause and dismisses the action as untimely.

    Petitioner argues the merits of his grounds and how the state courts' decisions were contrary to, or unreasonable applications of, clearly established federal law as determined by the Supreme Court of the United States. See 28 U.S.C. § 2254(d). The merits of his grounds do not affect whether he brought them to this Court on time.

    Petitioner also argues that his counsel was ineffective for failing to file a direct appeal, and thus he can demonstrate good cause to excuse the procedural default caused by his untimely state habeas corpus petition. Procedural default due to an untimely state habeas corpus petition is different from an untimely federal habeas corpus petition. In the former situation, this Court would not be able to decide the merits of a federal habeas corpus petition because adequate and independent state-law reasons would exist to deny a petitioner relief in state court. In the latter situation, which is this case, the federal habeas corpus petition is untimely because of the federal

period of limitation, 28 U.S.C. § 2244(d).  The only effect that the timeliness of Petitioner's state habeas corpus petition has is whether the time spent on that petition statutorily tolls the federal period of limitation pursuant to 28 U.S.C. § 2244(d)(2).

However, statutory tolling is a moot point in Petitioner's case.  His judgment of conviction became final on January 14, 2001, the period of limitation expired on January 14, 2002, and Petitioner did not file his state habeas corpus petition until October 12, 2006.  Even if his state habeas corpus petition were somehow eligible for statutory tolling, the federal period of limitation still expired more than four years before he filed that state petition.  See Order (#7), p. 3.

Petitioner's actual-innocence argument is unpersuasive.  In the Petition (#8), he stated his belief that the victim would recant her statements at an evidentiary hearing.  The Court gave him the opportunity to present something less vague than that.  In his Response (#11), Petitioner alleges again that he has the evidence, but that the Court would need to issue subpoenas to secure it.  A vague allegation like that does not meet the requirements of Schlup v. Delo, 513 U.S. 298 (1995).

Attached to the first Application to Proceed in Forma Pauperis (#1) is a Motion for Appointment of Counsel.  This motion is moot because the Court is dismissing the action.

IT IS THEREFORE ORDERED that the Clerk of the Court file the Motion for Appointment of Counsel, which is attached to the first Application to Proceed in Forma Pauperis (#1).

IT IS FURTHER ORDERED that the Motion for Appointment of Counsel is **DENIED**.

IT IS FURTHER ORDERED that this action is **DISMISSED** with prejudice as untimely.  The Clerk of the Court shall enter judgment accordingly.

DATED this 29th day of January, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE